IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00150 JMS (01) |
| | ) | (Civ. No. 16-00046 JMS-KSC) |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION FOR RELEASE ON BAIL, |
| | ) | AND REQUESTING |
| SCOTT MICHAEL CARTER (01), | ) | SUPPLEMENTAL BRIEFING |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON BAIL,
AND REQUESTING SUPPLEMENTAL BRIEFING**

**I.  INTRODUCTION**

Before the court are (1) Defendant Scott Michael Carter's

("Defendant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody ("§ 2255 Motion"), Doc. No. 79; and

(2) his corresponding Motion for Release on Bail, seeking release while the court

considers the § 2255 Motion, Doc. No. 81.  Defendant argues that his 132-month

sentence, imposed on August 27, 2007 under the Armed Career Criminal Act, 18

U.S.C. § 924(e) ("ACCA"), is unconstitutional under *Johnson v. United States*,

135 S. Ct. 2551 (2015), and *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Based on the following, the Motion for Release on Bail is DENIED. The court, however, requests supplemental briefing from the parties as to whether any exception might apply to the one-year limitation period in 28 U.S.C. § 2255(f).[1]

## II.  FACTUAL AND LEGAL BACKGROUND

On April 5, 2007, pursuant to a March 30, 2007 Memorandum of Plea Agreement ("Plea Agreement"), Defendant pled guilty to two Counts of a March 29, 2007 Indictment:  (1) conspiracy to distribute, and to possess with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(B); and (2) felon in possession of a firearm subsequent to three convictions for violent felonies, in violation of 18 U.S.C. §§ 921(g)(1) & 924(e)(1).  Doc. Nos. 37, 38.  As to the felon-in-possession Count, the Indictment charged Defendant with having three prior felony convictions for first degree burglary under Hawaii law.  Doc. No. 27.  In the Plea Agreement -- which was accepted by the court on August 20, 2007, Doc. No. 53 -- Defendant stipulated factually and legally to the following regarding his prior burglary convictions:

---

[1] To be clear, this Order only rules on the Motion for Release on Bail.  It discusses the merits of the § 2255 Motion only as necessary to address the standards for analyzing the Motion for Release on Bail.

(a)  <u>Factual stipulation as to prior burglary convictions</u>:
Defendant hereby admits to the following facts, such that
it will not be necessary to prove the factual allegations
contained in the Notice [of United States' Intent to Seek
Enhanced Penalties Under 18 U.S.C. § 924(e)]:

(1)  All of the facts and averments describing
defendant's prior burglary convictions, as contained and
recited in the Notice, are correct;

(2)  These prior burglary convictions are
defendant's convictions and are final at the present time
and were also final as of the time period charged in the
Indictment;

(3)  The charged crimes therein, namely Burglary
in the first degree, are felony offenses under Hawaii state
law, for which the maximum punishment is ten (10)
years imprisonment; and

(4)  As alleged in the respective charging
documents therein, the burglaries in these prior burglary
convictions all involved residences.

3.  Given defendant's stipulation in the preceding
paragraph, defendant is an "armed career criminal"
within the meaning of Guideline 4B1.4 of the United
States Sentencing Commission Guidelines with respect
to Counts 1 and 3 of the Indictment.[2]

Doc. No. 37, Plea Agreement at 3-4.

---

[2]  U.S.S.G. Manual § 4B1.4 sets forth the offense level and criminal history category for
defendants who are subject to an enhanced sentence as armed career criminals under 18 U.S.C.
§ 924(e).

3

Under the ACCA, if a defendant is convicted of a firearms offense and has three or more prior convictions of "a violent felony or a serious drug offense, or both," the defendant is subject to a mandatory minimum fifteen-year sentence.  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2).  The first clause in § 924(e)(2)(B)(ii) ("is burglary, arson, or extortion, involves use of explosives") is referred to as the "enumerated offenses clause," while the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is referred to as the "residual clause."

Given the stipulations in the Plea Agreement, the court sentenced Defendant on August 20, 2007 as an armed career criminal to 132 months

imprisonment.[3]  Defendant did not appeal the August 27, 2007 Judgment, and it

became final for purposes of 28 U.S.C. § 2255(f)(1) when the appeal period

expired.[4]  *See, e.g.*, *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001)

(holding that a judgment becomes final and the limitations period under

§ 2255(f)(1) begins to run "upon the expiration of the time during which [he or]

she could have sought review by direct appeal").

      Under existing law at the time that Defendant was sentenced in

August 2007, Defendant's prior burglary convictions under Hawaii Revised

---

[3]  The 132-month sentence, which was below the statutory minimum, resulted from the court's grant of the government's Motion for Downward Departure under 18 U.S.C. § 3553(e) and U.S.S.G. Manual § 5K1.1 based upon Defendant's substantial assistance. *See* Doc. No. 48.

[4]  Section 2255(f) provides:

    A 1-year period of limitation shall apply to a motion under [28 U.S.C. § 2255].  The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Statutes ("HRS") § 708-810 could have been considered to be § 924(e)(2) "violent felonies" under either (or both) the enumerated offense clause or the residual clause when applying the categorical/modified categorical approach derived from *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005).  *See, e.g.*, *United States v. Grisel*, 488 F.3d 844, 851-52 & n.8 (9th Cir. 2007) (en banc) (remanding for application of modified categorical approach after determining that Oregon burglary statute was not a categorical generic burglary, and noting that the residual clause might otherwise apply) (decided June 5, 2007, shortly before Defendant's sentencing).

After Defendant's sentence became final, the Supreme Court issued the two opinions central to Defendant's § 2255 Motion.  On June 20, 2013, the Supreme Court decided *Descamps*, "which more clearly than earlier cases limited the extent to which courts may satisfy the modified categorical approach by looking at the 'facts' of prior convictions."  *United States v. Marcia-Acosta*, 780 F.3d 1244, 1254 (9th Cir. 2015).  *Descamps* "clarified that the modified categorical approach serves a 'limited function,' 'effectuating the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's [prior] conviction.'"  *Marcia-Acosta*, 780 F.3d at 1249 (quoting *Descamps*, 133 S. Ct. at

6

2283)).  "Divisibility" is a key question "because a conviction under an

indivisible, overbroad statute can *never* serve as a predicate [ACCA] offense."

*Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014) (citing *Descamps*,

133 S. Ct. at 2286).  Among other matters, *Descamps* "resolve[d] a Circuit split on

whether the modified categorical approach applies to statutes . . . that contain a

single, 'indivisible' set of elements sweeping more broadly than the corresponding

generic offense . . . hold[ing] that it does not."  133 S. Ct. at 2283 (footnote

omitted).[5]

    And on June 26, 2015, the Supreme Court decided *Johnson*, which

invalidated the ACCA's residual clause as unconstitutionally vague.  135 S. Ct. at

2557-58.  *Johnson* reasoned that because the residual clause "both denies fair

notice to defendants and invites arbitrary enforcement by judges," *id*. at 2557,

"imposing an increased sentence under the residual cause . . . violates the

Constitution's guarantee of due process."  *Id*. at 2563.

---

[5] After *Descamps*, the Ninth Circuit further explained that "a disjunctive statute is divisible 'only if it contains multiple alternative *elements*, as opposed to multiple alternative *means*.'"  *Marcia-Acosta*, 780 F.3d at 1250 (quoting *Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014) (emphasis in *Rendon*).  *See also Almanza-Arenas v. Lynch*, 815 F.3d 469, 477-78 (9th Cir. 2015) (as amended) (en banc) (describing difference between elements and means).  The Supreme Court is currently considering this "elements/means" distinction in *Mathis v. United States*, No. 15-6092 (U.S.) (argued Apr. 26, 2016).

Given *Johnson*, Defendant filed his § 2255 Motion on February 4, 2016, seeking re-sentencing, arguing that his original sentence was based on an improper determination that he is an armed career criminal under the ACCA.[6] Specifically, Defendant contends that, absent the residual clause, his first-degree burglary convictions under HRS § 708-810 do not qualify as predicate violent felonies under the ACCA.  *See* Doc. No. 82, Def.'s Mem. at 12.  Defendant seeks to apply the modified categorical approach as explained in *Descamps* and subsequent Ninth Circuit caselaw (*e.g.*, *Rendon* and *Almanza-Arenas*).

On February 11, 2016, Defendant filed his Motion for Release on Bail, Doc. No. 81, along with a Memorandum in Support of his § 2255 Petition and of his Motion for Release on Bail.  Doc. No. 82.  Defendant filed Supplemental Memoranda on February 23, 2016 and March 4, 2016.  Doc. Nos. 86, 88.  The government filed an Opposition on March 16, 2016, Doc. No. 90, and Defendant filed a Reply on March 22, 2016.  Doc. No. 91.  The government filed a Supplemental Memorandum on April 6, 2016.  Doc. No. 93.  Defendant also filed two Notices of Uncited Authority under Local Rule 7.8.  Doc. Nos. 94, 95.

---

[6]  After the § 2255 Motion was filed, the Supreme Court made *Johnson* retroactive to cases properly-brought on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

## III. **DISCUSSION**

A.    **The Court's Power to Grant Bail Pending a Decision in a § 2255 Proceeding is Extremely Limited**

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases[.]"  *United States v. Lee*, 2016 WL 1039046, at *2 (D. Haw. Mar. 15, 2016) (quoting *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases from the Second, Fifth, Sixth, and Tenth Circuits)) (other citations omitted).  That is, "[i]n a § 2255 proceeding, 'the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits.'"  *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986) (quoting *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969)).

The power to grant bail pending review, however, "is a limited one, to be exercised in special cases only."  *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).  The power is to be exercised "only in unusual cases, or when extraordinary or exceptional circumstances exist."  *Id.* (quoting *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978).  It is "a power to be exercised very sparingly." *Cherek*, 767 F.2d at 337.

9

In making such a bail determination, courts consider two primary factors -- exceptional/extraordinary circumstances and a high probability of success on the merits.[7] *See, e.g.*, *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (citing *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989)); *see also Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (reasoning that "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective") (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)).

Moreover, a petitioner should satisfy both factors before being entitled to bail. *See Lee*, 2016 WL 1039046, at *3 ("[R]equiring *both* prongs appears to be obvious . . . [because] it makes no sense that exceptional circumstances alone would be sufficient if the petitioner was *un*likely to succeed on the merits.") (internal quotation marks and citation omitted); *United States v. Costa*, 2016 WL 1555676, at *4 (D. Haw. Apr. 15, 2016) ("Both a high

---

[7] The court must also consider traditional bail factors such as the potential that a defendant will flee or pose a danger to the community. *See, e.g.*, *Baker*, 420 F.2d at 1344.

10

probability of success on the merits of the habeas motion, and exceptional or

extraordinary circumstances, should be present to warrant release on bail.").

**B.    Defendant is Not Entitled to Bail Pending a Decision on his § 2255 Motion**

Defendant has not met his burden to justify release on bail while the

court fully considers his § 2255 Motion.  Although *Johnson* generally applies

retroactively, *see Welch*, 136 S. Ct. at 1265, Defendant has not met his burden of

demonstrating a high likelihood of success under the particular facts and

circumstances of this case.

### 1.    Johnson *Likely Does Not Apply to Defendant's ACCA Sentence*

In striking the ACCA's residual clause, *Johnson* made clear that its

decision did "not call into question application of the [ACCA] to the four

enumerated offenses, or the remainder of the [ACCA's] definition of a violent

felony." 133 S. Ct. at 2563.  And so, if a sentencing court did not rely on the

residual clause -- *i.e.*, if it relied specifically on qualifying prior crimes under the

use-of-physical force or enumerated-offense clauses (or on prior serious drug

offenses) -- then a defendant's sentence is unaffected by *Johnson*.  *See, e.g.*,

*Welch*, 136 S. Ct. at 1268 ("It may well be that the Court of Appeals on remand

will determine on other grounds that the District Court was correct to deny

Welch's motion to amend his sentence. For instance, the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15-year sentence regardless of *Johnson*."); *United States v. Sykes*, 809 F.3d 435, 439 (8th Cir. 2016) ("[B]ecause burglary is an enumerated offense under § 924(e)(ii), the imposition of an increased sentence need not rest on [the residual clause]."); *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016) ("Dawkins cannot show that his sentence violates *Johnson* . . . [f]or the sentence was based not on the residual clause but on prior convictions for carjacking, an element of which is the use or threatened use of force."); *Belk v. United States*, ___ F. App'x ___, 2016 WL 1587223, at *1 (2d Cir. Apr. 19, 2016) (denying leave to file successive § 2255 motion, reasoning in part that "[t]here is no evidence that Petitioner's sentence was enhanced under the provision of the ACCA that was found unconstitutional in *Johnson*. In any event, at the time of his sentencing, it was clearly established in this Circuit that Petitioner's robbery convictions qualified as ACCA predicates under § 924(e)(2)(B)(i), which was not invalidated by *Johnson*.").

   Here, Defendant stipulated that he was an armed career criminal for purposes of the ACCA, and even more specifically, he agreed that his prior Hawaii

12

burglary convictions all involved residences[8] -- an agreement that only makes

sense if the parties understood that Defendant had committed three or more violent

felonies under the enumerated offenses clause.[9]  *See, e.g.*, *United States v. Bonat*,

_____

[8]  HRS § 708-810 provides in pertinent part (as it did in 2007):

> (1) A person commits the offense of burglary in the first degree if
> the person intentionally enters or remains unlawfully in a building,
> with intent to commit therein a crime against a person or against
> property rights, and:
>> (a) The person is armed with a dangerous instrument in the
>> course of committing the offense;
>> (b) The person intentionally, knowingly, or recklessly
>> inflicts or attempts to inflict bodily injury on anyone in the
>> course of committing the offense; or
>> (c) The person recklessly disregards a risk that the building
>> is the dwelling of another, and the building is such a
>> dwelling.
> (2) An act occurs "in the course of committing the offense" if it
> occurs in effecting entry or while in the building or in immediate
> flight therefrom.

In turn, HRS § 708-800 defines (as it did in 2007) a "dwelling" as "a building which is
used or usually used by a person for lodging," where a "building" "includes any structure, and the
term also includes any vehicle, railway car, aircraft, or watercraft used for lodging of persons
therein; each unit of a building consisting of two or more units separately secured or occupied is
a separate building."

[9]  In fact, Defendant conceded this in a memorandum to this court, stating:

> Carter concedes (as he currently perceives no way not to) that the
> explicit reliance on the residence admission to make him an armed
> career criminal only makes sense, as things stood back in 2007,
> under §924(e)'s enumerated offense clause.  That admission would
> have been deemed sufficient to characterize his burglaries as
> generic ones by way of the modified categorical analysis (as courts
> in this district and circuit were then doing it) for the purpose of
> counting them as violent felonies under the enumerated offenses
> clause.

(continued...)

13

106 F.3d 1472, 1477 (9th Cir. 1997) ("The Oklahoma Information only charged Bonat with burglarizing a residence, along with the other elements of generic burglary; Bonat was not charged with entering an automobile, or any other object besides the residence.  Therefore when Bonat pled guilty to the crime charged in the Information, he necessarily pled guilty to generic burglary."); *Davidson v. McClintock*, 2015 WL 1469775, at *4 (D. Ariz. Mar. 31, 2015) ("Petitioner's acknowledgment that he unlawfully entered a *residence* with intent to commit a crime is dispositive.  Petitioner necessarily admitted the elements of generic burglary[.]") (citing *Bonat*, 106 F.3d at 1477).

And Defendant is bound by his stipulation that his prior burglaries involved residences, a stipulation that must have meaning in this context.  *See, e.g.*, *United States v. Miranda*, 484 F. App'x 70, 71 (7th Cir. 2012) ("Miranda waived this potential argument [that a prior conviction was not a predicate 'crime of violence'] by stipulating to his career-offender status in the plea agreement.") (citing *United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999) ("Bombacino waived any obstruction of justice argument when he knowingly entered into a plea

---

[9](...continued)
Doc. No. 88, Def.'s Second Suppl. Mem. at 3-4.  Defendant later backed off that statement somewhat, stating that "[h]e simply acknowledged how this Court might draw such an inference from the plea agreement in this matter," and arguing that "[f]ar from conceding the point, [his memorandum] explains why that admission does not do much, if any work, even under the enumerated offenses clause."  Doc. No. 91, Def.'s Reply Mem. at 3 (emphasis omitted).

agreement with the government in which he stipulated that he obstructed justice by instructing witnesses to lie to federal agents.")); *United States v. Dickerson*, 457 F. App'x 232, 233 (4th Cir. 2011) (rejecting argument that defendant was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e) because defendant "stipulated he was an armed career criminal and is bound by his stipulation") (citing *United States v. Martinez*, 122 F.3d 421, 423 (7th Cir. 1997)).[10]

## 2. Descamps *is Not Applicable, and 28 U.S.C. § 2255(f) Likely Bars Defendant's § 2255 Motion*

Given that *Johnson's* invalidation of the residual clause does not apply where, as here, a sentence is enhanced based on a different clause (such as an enumerated felony), it is apparent that Defendant's § 2255 Motion is actually based on *Descamps*, not *Johnson*.  *See, e.g.*, *United States v. Christian*, 2016 WL

---

[10] As mentioned above, when Defendant was sentenced in August 2007 -- as courts and parties understood the law at that time -- Defendant's Hawaii burglary convictions could properly have been considered violent felonies under the enumerated offenses clause of the ACCA. *See Grisel*, 488 F.3d at 851-52 (decided June 5, 2007).  At that time, courts in the Ninth Circuit were not asking whether statutes were divisible or indivisible.  Rather, if a crime was categorically broader than generic burglary (as defined in *Taylor*), it was understood that courts could then proceed directly to analyzing "*Shepard* documents" under the modified categorical approach. *See, e.g., id.* at 851 ("Because Oregon's second-degree burglary statute, Or. Rev. Stat. § 164.215, fails the categorical approach as to 'burglary,' the final inquiry is whether Defendant's prior convictions nevertheless satisfy the modified categorical approach.").  As the Ninth Circuit, sitting en banc, pointed out in *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011), *overruled by Descamps*, 133 S. Ct. at 2293, "[b]efore *Navarro-Lopez* [*v. Gonzales*, 503 F.3d 1063 (9th Cir. 2007)], our cases drew no distinction between different kinds of statutes in terms of when the modified categorical approach could be applied."  *Id.* at 922.  (And *Navarro-Lopez* was decided on September 19, 2007, one month after Defendant was sentenced.)

15

1229080, at *6 (E.D. Wash. Mar. 28, 2016) ("However, Mr. Christian is thereby truly seeking relief from the Court's ACCA determination under *Descamps*, not *Johnson*."). That is, Defendant argues that his prior Hawaii burglaries are -- despite his stipulation that he is an armed career criminal and that his prior burglaries involved residences -- not qualifying prior violent felonies because, applying *Descamps*, Hawaii's burglary statute is indivisible and/or that this court improperly applied the modified categorical approach.

Attempting to apply *Descamps* here, Defendant originally argued that *Descamps* is a substantive rule for purposes of retroactivity (or, along with *Johnson*, it has a substantive effect). *See* Doc. No. 88, Def.'s Mar. 8, 2016 Mem. at 6-10. But courts have ruled -- in various § 2255 gate-keeping contexts involving successive and/or time-barred petitions -- that *Descamps* did not announce a new substantive rule of constitutional law made retroactive to cases on collateral review.[11] *See, e.g., United States v. Berkley*, 623 F. App'x 346 (9th Cir.

---

[11] For example, 28 U.S.C. § 2255 provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(continued...)

2015) (upholding denial of § 2255 motion, reasoning that *Descamps* was not made

"retroactively applicable to cases on collateral review") (citing *Ezell v. United*

*States*, 778 F.3d 762, 766 (9th Cir. 2015)); *Headbird v. United States*, 813 F.3d

1092, 1097 (8th Cir. 2016).

 Nevertheless, in a Notice of Uncited Authority, counsel for Defendant

subsequently cited to *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016)

(decided on March 29, 2016, holding that *Descamps* is an "old rule" that is *not*

subject to a retroactivity bar under *Teague v. Lane*, 489 U.S. 288 (1989), in an

initial § 2255 petition). *See* Doc. No. 94. By citing *Mays*, counsel has apparently

changed his argument. *See generally Whorton v. Bockting*, 549 U.S. 406, 416

(2007) ("[A]n old rule applies both on direct and collateral review, but a new rule

is generally applicable only to cases that are still on direct review."). Indeed,

counsel has recently made such arguments in other § 2255 cases before this court

that involve *Johnson* and *Descamps*. *See, e.g.*, Doc. No. 84 (*United States v.*

*Leach*, Cr. No. 05-00531 JMS).

---

[11](...continued)
       (2) a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that was
previously unavailable.

But even if *Descamps* is an "old rule" that can apply on collateral

review in an initial § 2255 petition, applying it *here* appears to be barred by the

one-year limitation period in 28 U.S.C. § 2255(f).  Defendant's conviction became

final in September 2007, and he did not file this petition until February 2016.  In

this regard, *Mays* is inapplicable because in that case the government "conceded

that, in light of *Johnson*, it believes Mays's sentence under § 924(e)(1) is

unlawful," "waiv[ed] non-retroactivity as a defense to Mays's *Descamps* and

*Johnson* arguments," and twice specifically waived a "period of limitations

defense to Mays's challenge to his sentence."  817 F.3d at 732.

Perhaps recognizing that his claim could be time-barred, Defendant

appears to have raised the "savings clause" in § 2255(e), and thus may be seeking

to claim entitlement to relief under 28 U.S.C. § 2241.[12]  *See* Doc. No. 95, Letter of

Uncited Authority (citing *Summers v. Feather*, 119 F. Supp. 3d 1284 (D. Or.

2015)).  And his counsel has argued (here and in other similar cases) that he is

---

[12]  Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, *unless it also appears*
> *that the remedy by motion is inadequate or ineffective to test the*
> *legality of his detention*.

(Emphasis added).

18

"actually innocent" of being an armed career criminal.  The Ninth Circuit has rejected a similar argument under the career offender Sentencing Guideline's provision, *see Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) ("Petitioner's claim that two of his prior offenses should no longer be considered 'related,' and that he was therefore incorrectly treated as a career offender . . . is not a cognizable claim of 'actual innocence' . . . to bring a § 2241 petition under the escape hatch.").  It appears unlikely that Defendant could succeed on this argument under the ACCA.  But this issue, although raised, has not been fully briefed in this case, and the government has likewise not had an opportunity to respond to it.

In sum, Defendant has not met his heavy burden to justify release on bail while the court considers the § 2255 Motion.  Defendant's stipulation as to an enumerated offense under the ACCA likely renders *Johnson* of limited significance.  And even applying *Descamps*, it is likely that the § 2255 Motion is time-barred, and it appears that an exception does not apply.

## C.    Supplemental Briefing Is Appropriate as to the § 2255 Motion

Nevertheless, the court also recognizes that the law in this area is unsettled and evolving, and that the parties have not fully addressed in this case whether an exception to the limitation period in § 2255(f) could apply to Defendant's § 2255 Motion.  Accordingly, the court requests supplemental

19

briefing as to that question.  To be clear, the court will not consider further

argument as to bail issues or as to the effect of Defendant's stipulations.

Simultaneous submissions limited to fifteen pages are due by **June 6, 2016**.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Release on Bail is

DENIED.  The court, however, requests supplemental briefing as to whether an

exception to 28 U.S.C. § 2255(f) could apply in this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 23, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Carter*, Cr. No. 07-00150 JMS (01), Order Denying Defendant's Motion for Release on Bail, and Requesting Supplemental Briefing